María Rosario Martínez, etc., Plaintiffs and Appellees, v. Juan Suárez Pérez, Defendant and Appellant.

No. 9519.—Argued July 1, 1947.—Decided July 11, 1947.

*H. Torres Solá* for appellant. *V. Géigel Polancó* and *Santiago Polanco Abréu* for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

This is a case of involuntary acknowledgment of natural children and of maintenance and support. The District Court of San Juan sustained the complaint as to both causes of action. Regarding the one of filiation, the court in its judgment said:

"Juan, Héctor Luis, Miguel Ángel, and Luisa, born on November 26, 1924, May 21, 1928, June 15, 1938, and August 25, 1939, respectively, are hereby declared acknowledged natural children of defendant, Juan Suárez Pérez, pursuant to the provisions of paragraph two of § 2 of Act No. 229 of May 12, 1942 (Laws of 1942, p. 1296), as amended by § 2 of Act No. 243, of May 12, 1945 (Laws of 1945, p. 814)."[1]

It further ordered the defendant to pay plaintiffs a monthly allowance of $94 for the support of her three minor

---

[1] Section 2 provides:

"Children born out of wedlock prior to the date this Act takes effect, and who lack the qualifications of natural children according to previous legislation, may be recognized for all legal purposes by the voluntary action of their parents, and in their default, by that of the persons having the right to inherit therefrom. These children will be legitimized by the subsequent marriage of the parents, to each other.

"In case of children referred to in this Section are not recognized by the voluntary action of their parents, and in default of the latter, by that of the persons having the right to inherit therefrom, said children shall be considered as natural children for the sole purpose of bearing the surname of their parents. The action for this recognition shall be prosecuted in accordance with the procedure fixed by the Civil Code of Puerto Rico for the recognition of natural children; *It being understood, however,* That such recognition shall only have the scope herein expressed."

children, Héctor Luis, Miguel Ángel, and Luisa [2] and $350 as attorney's fees.

Feeling aggrieved, the defendant appealed. He urges that the lower court erred, first, in declaring Juan Rosario an acknowledged natural son of defendant; second, in failing to decide that the acknowledgment of the plaintiffs in this case had no other effect than the bearing of the surname of their father and the right to receive support; third, in ordering defendant to support the minor Héctor Luis, who, at the time of filing the amended complaint, was over 17 years of age; fourth, in fixing a monthly allowance of $94; and, fifth, in ordering the defendant to pay attorney's fees and fixing the amount in $350.

■ The first assignment is grounded on the fact that since plaintiff Juan Rosario, at the time of filing the amended complaint on February 6, 1946, had reached the age of majority, he could not be represented in the action by his mother María Rosario. This question was not raised in the lower court, but, in any event, the error assigned lacks merit. When the action was brought on October 25, 1945, Juan Rosario was a minor and it devolved on his mother with *patria potestas* to represent him. The fact that during the proceedings he should have reached his majority does not mean that he must bring a new action in order to obtain his filiation. The action brought by the mother was not on her own behalf but on behalf of her children who might obtain judgment acknowledging their status as defendant's natural children, with certain limitations.

■ We do not understand the ground of the second assignment of error. If the lower court expressly limited in its judgment the scope of the acknowledgment of plaintiffs as defendant's natural children "pursuant to the provisions of paragraph two of § 2 of Act No. 229 of May 12, 1942,

[2] The other son, Juan, attained his majority after the action had been instituted.

as amended by § 2 of Act No. 243 of May 12, 1945'' and this Section of the Act provides that ''said children shall be considered as natural children for the sole purpose of bearing the surname of their parents,'' why does appellant complain that the trial court failed to decide that plaintiffs' acknowledgment in this case had no other effect? The fact that the court in its opinion stated that ''We need not decide in this case whether or not the acceptance by the father in his amended answer of the essential and material facts of the first cause of action of the amended complaint purports to make the acknowledgment one 'by the voluntary action' of the father and therefore, whether as a result thereof, said acknowledgment is made 'for all legal purposes' . . .'' , does not alter or render doubtful, as maintained by appellant, the conclusion expressed by the court in its judgment. We have repeatedly held that an appeal is taken from the judgment and not from the grounds set forth in the opinion of the trial judge. *Serrallés* v. *Saurí,* 44 P.R.R. 390; *Totti* v. *Fernández,* 40 P.R.R. 609, *People ex rel, Castro* v. *Padrón,* 60 P.R.R. 777.

■■ Appellant argues in support of his third assignment that pursuant to Act No. 108 of April 30, 1940 (Laws of 1940, p. 672), the lower court erred in ordering him to render support to plaintiff Héctor Luis, who was over sixteen years of age.

Sections 1 and 2 of Act No. 108, *supra,* provide as follows:

''Section 1.—First the father then the mother are obliged to feed, clothe, support, educate, and provide shelter for their illegitimate children under sixteen years of age, whether acknowledged or not, in accordance with the needs of the minors and with regard to the available means of the parents.

''Section 2.—The father or the mother who fails in that obligation or wilfully refuses to fulfill it and persists in his or her refusal after a formal demand to do so has been made, shall suffer the proper penalty for abandonment and neglect of minors, according to the provisions of the Penal Code.''

Appellant maintains that according to § 1, *supra,* the duty of the father or the mother to support their illegitimate children, whether acknowledged or not, has been limited solely towards those children who are under sixteen years of age. This is not so. What the Legislature did was to limit the criminal action against the father or the mother for violation of Act No. 108 of 1940 for the abandonment of illegitimate children, whether acknowledged or not, under sixteen years of age. This does not mean, however, that a civil action for support, as a separate action or as part of a filiation suit, does not lie for illegitimate children over or under sixteen years of age, according to the right which they have under § 128 read together with § 143 of the Civil Code. Criminal action was limited, but not so the civil action. In a case on this same matter we held, following a California decision, that "the provisions of the civil law in the premises in no way affect the interpretation to be given to the criminal statute." *People* v. *Ferrán,* 26 P.R.R. 230, 232. Likewise the provisions of Act No. 108 of 1940 or of the Penal Code as to the abandonment of minors, should not affect the construction that should be given to the Civil Code. For reasons unknown to us, but which the Legislature found justified, it limited the criminal action against parents to cases of abandonment of illegitimate children under sixteen years of age. Nevertheless, in no way, as far as we know, has it limited the right of illegitimate children to claim support from their parents [3] in the proper civil action.

The fourth and fifth assignments challenge the amount of $94 fixed as the monthly pension for the three minor children and the award of $350 as attorney's fees. Defendant's evidence tended to show that he has a monthly income ranging from $800 to $900 and monthly expenses

[3] On the other hand, it recently extended the mutual obligation of support by amending subdivision 4 of § 143 of the Civil Code by Act No. 449, approved May 14, 1947, thus: "4.—Parents and illegitimate children, and the legitimate, *natural,* and *illegitimate* descendants of the latter." (Italics ours.)

amounting to more than $870. The lower court evidently did not believe the amount of expenses and found that $5 weekly which defendant paid to the plaintiffs was absolutely insufficient and that, assuming that defendant had personal expenses amounting to $175 monthly, $94 for three children was a reasonable amount; and we think so, too. As to the award of attorney's fees, in our judgment, the court *a quo* did not err in deciding, first, that defendant was obstinate and, second, that said fees were part of the support to which plaintiffs were entitled. *Valdés* v. *District Court, ante* p. 288.

The judgment below is affirmed.

Mr. Justice Marrero did not participate herein.